IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREG WALKER,

    Plaintiff,

v.                             Case No. 14-2105-JAR

AXALTA COATING SYSTEMS, LLC, et al.,

    Defendants.

## ORDER

This is a diversity action arising from a motorcycle accident. The plaintiff, Greg Walker, was a passenger on the motorcycle. He sues the driver of the motorcycle, Scott Kitivoravong, and Kitivoravong's employers, DuPont and Axalta,[1] for injuries sustained in the accident. Pending before the court are two motions to amend pleadings pursuant to Fed. R. Civ. P. 15(a)(2). First, DuPont and Axalta move for leave to amend their answer to assert a crossclaim for implied indemnity against Kitivoravong **(ECF doc. 36)**. Second, Walker moves for leave to amend his complaint to add a claim for punitive damages against all defendants **(ECF doc. 39)**. Under the liberal amendment standards of Rule 15, both motions are granted.

---

[1] "DuPont" refers to defendants E.I. du Pont de Nemours and Company, DuPont Performance Coatings, Inc., and DuPont Performance Coatings, LLC. "Axalta" refers to defendants Axalta Coating Systems, LLC and Axalta Coating Systems U.S. Holdings, Inc. DuPont's automotive paint division was sold to Axalta sometime after the accident. ECF doc. 14 at ¶ 7.

**I.     Background**

On March 18, 2012, Walker, who worked for an automotive-coating distributor, traveled from his Nebraska home to the Kansas City area for the purpose of attending a paint-conversion class the next day. The class was to be taught by Kitivoravong, who was a sales representative for DuPont. Kitivoravong invited Walker and George Stanich, a sales representative for another paint distributor, to dinner, and the three planned to meet at Kitivoravong's house in Olathe, Kansas. Walker arrived at Kitivoravong's house before Stanich, and Kitivoravong offered to take Walker on a motorcycle ride around the neighborhood while they waited for Stanich to arrive. Walker accepted. Unfortunately, Kitivoravong lost control of the motorcycle during the ride, causing it to leave the road and crash. Walker sustained substantial injuries in the accident.

Walker alleges that at the time of the accident, Kitivoravong was acting under the control and within the scope and course of his employment with DuPont and/or Axalta. Walker seeks to recover against DuPont and Axalta on a theory of vicarious liability and/or the respondeat superior doctrine. He moves to add assertions to support a punitive damages recovery. DuPont and Axalta move to assert a crossclaim for implied indemnity against Kitivoravong.

**II.    Legal Standard for Amendment**

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the court to "freely give leave when justice so requires."

Although the granting of a motion to amend is within the court's discretion, the United States Supreme Court has indicated that Rule 15's directive to freely give leave is a "mandate . . . to be headed."[2] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[3]

### III. Walker's Motion to Add Punitive Damages Theory (ECF doc. 39)

Walker seeks leave to amend his complaint to assert a prayer for punitive damages against each defendant. Walker's motion is premised on two pieces of information obtained in discovery: (1) a DuPont policy allowing the consumption of alcohol by employees within the scope of employment, and (2) the results of a Blood Alcohol Content (BAC) test given to Kitivoravong indicating a BAC of more than twice the legal limit for operating a motor vehicle. Walker's proposed amended complaint adds allegations that Kitivoravong acted in a reckless, wanton, and willful manner which was authorized and/or ratified by DuPont and Axalta.

Kitivoravong has filed a response opposing the motion (ECF doc. 46), as have DuPont and Axalta (ECF doc. 43). The separate responses both oppose amendment solely on the

---

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

ground that amendment would be futile because the proposed punitive-damages assertions fail to state a plausible claim for relief.[4]

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[5] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[6] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations[7] of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines that the plaintiff has not presented "enough facts to state a

---

[4] Although Kitivoravong's response in opposition does not address the Rule 15(a)(2) amendment standard, a generous reading of it could indicate opposition on futility grounds.

[5] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[6] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[7] The court notes that judges in the District of Kansas have determined that Fed. R. Civ. P. 9(g) governs the pleading of punitive damages in diversity cases. *See A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No., 2011 WL 2084143, at *2 (D. Kan. May 24, 2011). Rule 9(g) requires the pleading party to "at a minimum, allege the circumstances upon which the punitive damages claim is made." *Id.* (quoting *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, Nos. 08–2027, 08–2191, 2009 WL 1635894, at *8 (D. Kan. June 11, 2009)). "This is a relatively liberal standard, with 'most courts now taking the position that allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim.'" *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1311 at 354–55 (3d ed. 2004)). Defendants in this case have raised no Rule 9(g) argument with respect to Walker's proposed amended complaint.

ground that amendment would be futile because the proposed punitive-damages assertions fail to state a plausible claim for relief.[4]

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[5] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[6] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations[7] of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines that the plaintiff has not presented "enough facts to state a

---

[4] Although Kitivoravong's response in opposition does not address the Rule 15(a)(2) amendment standard, a generous reading of it could indicate opposition on futility grounds.

[5] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[6] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[7] The court notes that judges in the District of Kansas have determined that Fed. R. Civ. P. 9(g) governs the pleading of punitive damages in diversity cases. *See A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No., 2011 WL 2084143, at *2 (D. Kan. May 24, 2011). Rule 9(g) requires the pleading party to "at a minimum, allege the circumstances upon which the punitive damages claim is made." *Id.* (quoting *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, Nos. 08–2027, 08–2191, 2009 WL 1635894, at *8 (D. Kan. June 11, 2009)). "This is a relatively liberal standard, with 'most courts now taking the position that allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim.'" *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1311 at 354–55 (3d ed. 2004)). Defendants in this case have raised no Rule 9(g) argument with respect to Walker's proposed amended complaint.

claim to relief that is plausible on its face."[8]  "The party opposing the proposed amendment bears the burden of establishing its futility."[9]

Under Kansas law,[10] "punitive damages may be awarded whenever the elements of fraud, malice, gross negligence, or oppression mingle in the controversy."[11]  K.S.A. 60–3702(c) requires that the plaintiff seeking punitive damages has the burden "of proving, by clear and convincing evidence . . . that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."  In addition, when the defendant is the employer, K.S.A. 60–3702(d)(1) provides that the employer may not be held liable for punitive damages based on the acts of the employee "unless the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the . . . employer."

---

[8]*Little*, 548 F. App'x at 515.

[9]*Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[10]The parties agree that Kansas *substantive* law applies to this case.  However, the pleading standard discussed by Kitivoravong and outlined in *Fusaro v. First Family Mtg. Corp.*, 257 Kan. 794, 804 (1995) relates to the *procedure* in Kansas state courts for including a claim for punitive damages.  Pursuant to K.S.A. § 60–3703, a claim for punitive damages is prohibited from being pled in the initial state-court petition and may only be allowed by ruling of the court, upon a proper motion, that "there is a probability that the plaintiff will prevail on the claim . . . ."  "This statute does not apply in federal court, as a claim for punitive damages may be included in a plaintiff's initial pleading." *Lawrence v. Gaarder*, No. 13-2102, 2014 WL 5341917, at *1 n.1 (D. Kan. Oct. 21, 2014) (citing *Vance ex rel. Wood v. Midwest Coast Transp., Inc.*, 314 F. Supp. 2d 1089, 1090 (D. Kan. 2004)).

[11]*Tetuan v. A.H. Robins Co.,* 241 Kan. 441, 481 (1987).

Defendants have failed to demonstrate that Walker's proposed amended complaint does not include a plausible prayer for punitive damages against each of them. Walker's proposed amended complaint pleads that Kitivoravong acted in a reckless, wanton, and willful manner. It states that "prior to the accident, Defendant Kitivoravong had consumed alcohol, in amounts sufficient to give rise to a blood alcohol content of .16 at the time of the motorcycle crash at issue."[12] It also alleges, "That in the course of employing all its employees, Defendants DuPont and Axalta had a policy which explicitly allowed for entertainment of business clients, including dining and alcoholic consumption."[13] The proposed amended complaint then asserts that Axalta and DuPont authorized and/or ratified Kitivoravong's reckless, wanton, and willful behavior.

Defendants' arguments against amendment are unavailing. Kitivoravong asserts that the BAC report is not *evidence* of willful, wanton, or reckless conduct by Kitivoravong. But Walker had no obligation, at this juncture, to present evidence in order to satisfy the pleading standard.[14]

DuPont and Axalta recognize that Kansas law allows punitive damages against employers who authorize or ratify willful, wanton, or reckless employee conduct, and they also acknowledging that DuPont's policy authorized the consumption of alcohol by

---

[12] ECF doc. 39-1 at ¶ 12.

[13] *Id.* at ¶ 9.

[14] *See Hollis v. Acoustic Sounds, Inc.*, No. , 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013) (rejecting argument that proposed claim for punitive damages must fail because it lacked supporting evidence).

Kitivoravong. They argue, however, that the willful, wanton, and reckless conduct at issue was not Kitivoravong's consumption of alcohol, but rather his driving while intoxicated. Driving while under the influence of alcohol is expressly prohibited by the DuPont policy cited by Walker. It goes without saying, however, that before one can drive under the influence of alcohol, one must consume alcohol. Thus, Walker may have a plausible argument that Kitivoravong's act of consuming alcohol was itself willful, wanton, or reckless.

In short, the undersigned cannot conclude that Walker's proposed prayer for punitive damages could not withstand a motion to dismiss. This issue is more appropriately addressed at a later stage in this case by the presiding U.S. District Judge, Julie A. Robinson. Because Walker's proposed amendments do not appear clearly frivolous, the court exercises its discretion and grants Walker leave to file his proposed amended complaint.[15] Defendants are not precluded from reasserting their arguments in a motion under Rule 12(b)(6) or Rule 56.

## IV. DuPont and Axalta's Motion to Add a Crossclaim (ECF doc. 36)

DuPont and Axalta wish to amend their answer to assert a crossclaim for implied indemnity against Kitivoravong based on Walker's claim that they are vicariously liable for Kitivoravong's negligence under the respondeat superior doctrine. DuPont and Axalta deny that Kitivoravong was acting within the scope of his employment at the time of the motorcycle accident, but assert that if Kitivoravong takes the position that he was acting

---

[15] *See id.* (permitting addition of punitive damages claim that was not clearly futile).

within the scope of his employment and/or a jury holds DuPont and/or Axalta liable, DuPont and/or Axalta will be entitled under Kansas law to implied indemnity from Kitivoravong.[16]

Walker has not filed a response to DuPont and Axalta's motion for leave to amend. Kitivoravong has filed a response in which he denies any liability in the action, but does not completely oppose DuPont and Axalta's motion to add a crossclaim. Kitivoravong states that any crossclaim by DuPont and Axalta for implied indemnity must be limited (1) only to the entity found to have been his employer at the time of the accident, and (2) only to the extent that a judgment is entered against such employer for the negligence of Kitivoravong imputed to such employer under the respondeat superior doctrine (in other words, any judgment premised on the employer's "own independent responsibility should not be within the scope of an implied indemnity claim"[17]).

The liberal amendment standards of Rule 15(a)(2) again counsel in favor of allowing the requested amendment. Kitivoravong has not asserted that DuPont and Axalta's motion for leave to add a crossclaim should be denied on the grounds of undue delay, undue prejudice, bad faith, dilatory motive, or failure to cure deficiencies by amendments previously allowed. And although Kitivoravong raises two arguments suggesting that the amendment would be futile, both arguments fail.

---

[16]*See Haysville U.S.D. No. 261 v. GAF Corp.*, 666 P.2d 192, 199 (Kan. 1983); *St. Paul Fire & Marine Ins. Co. v. Tyler*, 974 P.2d 611, 617 (Kan. Ct. App. 1999).

[17]ECF doc. 45 at 1–2.

First, Kitivoravong asserts that the proposed indemnity claim is futile as premature, given that judgment has not yet been entered against either DuPont or Axalta. According to Kitivoravong, under Kansas law, an indemnity claim does not arise until the indemnitee becomes obligated to pay. Without deciding this question, the court finds that the express language of Fed. R. Civ. P. 13(g) permits DuPont and Axalta to plead the indemnity crossclaim regardless of the answer. Rule 13(g) allows for the assertion of crossclaims in pleadings, including "a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." As the Tenth Circuit has recognized, the rule "authorizes the inclusion in such cross-claim a claim that the party against whom it is asserted 'is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.'"[18] Thus, "[t]he rule is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case."[19] Although Kansas substantive law will govern DuPont and Axalta's indemnity claim, federal procedural law governs the pleading of the claim.[20]

---

[18] *Providential Dev. Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) (quoting Rule 13(g)) (emphasis added).

[19] *Id.*

[20] *See Suber v. Safeway Stores, Inc.*, No. 88-2219, 1989 WL 103455, at *2–3 (D. Kan. Aug. 18, 1989) (denying motion to dismiss crossclaim for indemnity based on derivative liability); *Pouliot v. Paul Arpin Van Lines, Inc.*, 303 F. Supp. 2d 135, 138 (D. Conn. 2004) (holding that, under Rule 13(g), defendant could assert crossclaim against co-defendant for

Kitivoravong next asserts that indemnity is an equitable doctrine, unavailable to malfeasants and joint tortfeasors. He notes that Walker's proposed amended complaint, which the court herein has allowed to be filed, appears to assert claims against DuPont and Axalta based on their independent conduct (i.e., separate and apart from the conduct of Kitivoravong). The court recognizes that there will likely be arguments raised in this action about whether indemnity is available to DuPont and Axalta should judgment be entered against them. However, at this early stage in the proceedings, and without developed briefing on this issue, the undersigned cannot conclude that the proposed indemnity claim could not withstand a motion to dismiss. This issue is more appropriately raised at a later stage in this case.

Accordingly, the court exercises its discretion and grants DuPont and Axalta leave to assert their proposed crossclaim against Kitivoravong.

IT IS THEREFORE ORDERED:

1. Walker's motion for leave to file an amended complaint (ECF doc. 39) is granted. Walker shall file forthwith his proposed amended complaint as a separate entry on the docket.

2. DuPont and Axalta's motion for leave to assert a crossclaim for implied indemnity against Kitivoravong (ECF doc. 36) is granted. DuPont and Axalta may assert this crossclaim when they file their answer to Walker's amended complaint.

---

contribution even if claim had not yet accrued under state law).

Dated February 18, 2015, at Kansas City, Kansas.

                                             s/James P. O'Hara
                                             James P. O'Hara
                                             U.S. Magistrate Judge